BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN: 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email:   mseror@buchalter.com

BUCHALTER
A Professional Corporation
STEPHEN J. STRAUSS (SBN: 110030)
AARON LEVINE (SBN: 299260)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email:   sstrauss@buchalter.com
         alevine@buchalter.com

Attorneys for Plaintiff
CHARLES K. WILSON

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES K. WILSON, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>LINDA WILSON, personally and as personal representative of the ESTATE OF RONNIE J. WILSON; BRIAN WILSON, an individual; ANDRE WILSON, an individual; CASEY WILSON, an individual; PYRAMID ENTERTAINMENT GROUP, a New York corporation; SAL MICHAELS, an individual; SETH COHEN, an individual; LIVING THE DREAM MANAGEMENT, LLC, an Oklahoma Limited Liability Company; TERRY HARVEY, an individual; WAIKIKI ENTERTAINMENT GROUP, LLC, a Hawaii Limited Liability Company; YOSHI'S JAPANESE RESTAURANT, INC., a California Corporation; CRUISINGAGENTS.COM, INC, a Maryland corporation, DOES 1-10, inclusive,<br><br>        Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CHARLES K. WILSON ("Plaintiff"), by and through his attorneys, brings this action and alleges against defendants LINDA WILSON, personally and as personal representative of the ESTATE OF RONNIE WILSON; BRIAN WILSON; ANDRE WILSON; CASEY WILSON; PYRAMID ENTERTAINMENT GROUP; SAL MICHAELS; SETH COHEN; LIVING THE DREAM MANAGEMENT, LLC; TERRY HARVEY; WAIKIKI ENTERTAINMENT GROUP, LLC; YOSHI'S JAPANESE RESTAURANT, INC. and CRUISINGAGENTS.COM, INC. (collectively, "Defendants"):

1.     There is only one GAP BAND.  An American R&B and funk band that rose to fame in the 1970s and 1980's, THE GAP BAND went on to become one of the most influential groups in the history of R&B.  Four of THE GAP BAND thirty albums went platinum plus, selling millions of records.  THE GAP BAND produced fifteen Top Ten R&B singles, including four number one hits, "Early in the Morning," "Burn Rubber on Me (Why You Wanna Hurt Me)," "Party Train," and "You Dropped a Bomb on Me."  THE GAP BAND's influence on the music industry is still felt today.

2.     Plaintiff is, and has always been, the lead singer and public face of THE GAP BAND.  Plaintiff is the sole surviving member of THE GAP BAND and proudly carries the mantle of ensuring the legacy and history of THE GAP BAND is honored and respected. One of the ways Plaintiff does this is by protecting THE GAP BAND trademarks (the "GAP BAND Marks") and policing the use of the GAP BAND Marks by unauthorized users and infringers.

3.     Unfortunately, there are those (including the Defendants) who seek to trade off THE GAP BAND's name, reputation and goodwill and use THE GAP BAND Marks for their own personal benefit. Plaintiff brings this action to stop the latest effort to infringe upon, and misappropriate, THE GAP BAND Marks.

4.     A new band has been formed that brazenly calls itself THE GAP BAND ("THE INFRINGING GAP BAND").  THE INFRINGING GAP BAND is

1    operating under the apparent authority of Defendants LINDA WILSON, BRIAN

2    WILSON, ANDRE WILSON and CASEY WILSON, the heirs of founding

3    member Ronnie Wilson.

4        5.    But Defendants LINDA WILSON, BRIAN WILSON, ANDRE

5    WILSON and CASEY WILSON do not have the rights they pretend to have, as

6    ███████████████████████████████ in a February 1, 2017 binding agreement

7    entered into with Plaintiff.

8        6.    The consequence of that agreement is that ████████████████

9    ███████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████

11   ██████████████████████████████████████████████████████).

12       7.    As a result, neither THE INFRINGING GAP BAND, nor any of the

13   Defendants named herein that act under the apparent authority of Defendants

14   LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON,

15   have the right or authority to use the GAP BAND Marks in the manner in which the

16   marks are now being used.

17       8.    The Defendants and THE INFRINGING GAP BAND seek to confuse

18   and deceive consumers into thinking either: (a) THE INFRINGING GAP BAND is

19   the original GAP BAND; (b) that THE INFRINGING GAP BAND is endorsed,

20   sanctioned or approved by the original GAP BAND; or (c) that Plaintiff is a part of

21   THE INFRINGING GAP BAND. Such confusion has already occurred and is

22   continuing.

23       9.    Plaintiff brings this action to stop the continued infringement, dilution

24   and deceptive use of the GAP BAND Marks by the Defendants, to stop the

25   continued misappropriation of Plaintiff's image, likeness, voice and persona in

26   connection with the promotion and marketing of THE INFRINGING GAP BAND

27   and to declare the rights of the parties with respect to the GAP BAND Marks.

28

## **JURISDICTION AND VENUE**

10.  This is an action for declaratory relief, breach of contract, trademark infringement, trademark dilution, passing off, false advertising, misappropriation of likeness, and unlawful business practices arising from Defendants' continued and unauthorized use of the GAP BAND Marks.

11.  Defendants are using the GAP BAND Marks, and/or permitting others to use the GAP BAND Marks with their apparent authorization, without authorization or consent. Defendants' use of the GAP BAND Marks and Plaintiff's image, voice, likeness and persona as set forth herein is likely to cause confusion with Plaintiff, and in fact such confusion has already occurred. By this action, Plaintiff seeks damages and injunctive relief against Defendants.

12.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1338 insofar as Plaintiff's claim is premised on the Lanham Act, 15 U.S.C. §§ 1119, 1121 *et seq*. This Court also has subject matter jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*. This Court has supplemental jurisdiction over the remaining claims alleged herein pursuant to 28 U.S.C. § 1367. Alternatively, this Court has jurisdiction over this matter pursuant to a binding agreement executed by Plaintiff and Ronnie J. Wilson, who is LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON'S predecessor in interest.

13.  This Court has personal jurisdiction over Defendants LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON insofar as these Defendants are the successors in interest to a written agreement entered into by and between Plaintiff and Ronnie Wilson.  The aforementioned agreement serves as the basis for the claims alleged herein and calls for any dispute related to the enforcement or interpretation of the agreement to be heard in Los Angeles, California.

14.     The Court has personal jurisdiction over the Defendants insofar as each has been involved in the use the GAP BAND Marks in California (and specifically within this judicial district), have entered into agreements in California in connection with musical concerts and performances to occur in California that use the GAP BAND Marks.  The Defendants have also engaged in deceptive acts and in the promotion, marketing and sale of tickets to consumers located in California (and specifically within this judicial district) for musical performances and concerts that infringe upon the GAP BAND Marks.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein, including the likelihood of consumer confusion alleged herein, have occurred in this judicial district. Venue is also proper in this Court due to Defendants being subject to personal jurisdiction in this Court.

## THE PARTIES

16.     Plaintiff Charles K. Wilson, aka Charlie Wilson, is an internationally renowned performer and recording artist.  As a solo artist, Plaintiff has topped the R&B charts with 13 number one singles and has garnered 13 GRAMMY nominations. Plaintiff is a recipient of a BET Lifetime Achievement Award, a Soul Train Certified Soul Award and a NAACP Music Makes a Difference Award. Plaintiff has been honored both with a star on the Black Music & Entertainment Walk of Fame (2022) and the Hollywood Walk of Fame (2024).  Plaintiff has twice been named Billboard's Top Adult Male R&B Artist (2009 and 2020).

17.     Plaintiff is informed and believes, and on that basis alleges that Defendant LINDA WILSON was the wife of Ronnie Wilson, one of the original members of THE GAP BAND.  Plaintiff is informed and believes, and on that basis alleges, that LINDA WILSON was married to Ronnie Wilson at the time of his death on November 2, 2021.

18.    Plaintiff is further informed and believes, and on that basis alleges, that Linda Wilson is one of Ronnie Wilson's heirs and has been designated as the personal representative of the Estate of Ronnie Wilson by the appropriate tribunal in the state of Oklahoma. Plaintiff brings this action against Defendant Linda Wilson both in her individual capacity and as personal representative to the Estate of Ronnie Wilson.

19.    Plaintiff is informed and believes, and on that basis alleges that Defendant BRIAN WILSON is the surviving son of Ronnie Wilson and one of his heirs.

20.    Plaintiff is informed and believes, and on that basis alleges that ANDRE WILSON is the surviving son of Ronnie Wilson and one of his heirs.

21.    Plaintiff is informed and believes, and on that basis alleges that CASEY WILSON is the surviving son of Ronnie Wilson and one of his heirs.

22.    Defendant Pyramid Entertainment Group ("PYRAMID") is a New York corporation with a principle place of business located in New York, New York. Plaintiff is informed and believes, and on that basis alleges that PYRAMID holds itself out as a talent agency capable of booking musical acts for events.

23.    PYRAMID holds itself out as the booking agent for an unauthorized group of performers and musicians that perform as THE GAP BAND (THE INFRINGING GAP BAND).  Plaintiff is informed and believes, and on that basis alleges, that PYRAMID actively solicits bookings for concerts featuring THE INFRINGING GAP BAND including concerts in California and in this judicial district.  A true and correct copy of PYRAMID's online listing and promotional materials holding itself (and MICHAELS and COHEN) out as the agents for THE INFRINGING GAP BAND is attached hereto as **Exhibit "A."**

24.    Plaintiff is informed and believes, and on that basis alleges, that Defendant SAL MICHAELS ("MICHAELS") is an agent associated with PYRAMID and together with Defendant SETH COHEN, oversees PYRAMID's

work with respect to soliciting concert performance engagements for, and the booking, promotion and marketing of concerts being performed by, THE INFRINGING GAP BAND including concerts in California and in this judicial district.

25.    Plaintiff is informed and believes, and on that basis alleges, that MICHAELS is well aware of the fact that THE INFRINGING GAP BAND, and by extension himself as the agent for THE INFRINGING GAP BAND, does not have the authority to use the GAP BAND Marks in connection with the solicitation, booking, promotion and marketing of concerts using the GAP BAND Marks and undertook the acts alleged herein in spite of that knowledge. Plaintiff is further informed and believes that PYRAMID approved, sanctioned and ratified all conduct of MICHAELS as alleged herein.

26.    Plaintiff is informed and believes, and on that basis alleges, that Defendant SETH COHEN ("COHEN") is an agent associated with PYRAMID and together with Defendant MICHAELS, oversees PYRAMID's work with respect to soliciting concerts for, and the booking, promotion and marketing of concerts being performed by, THE INFRINGING GAP BAND including concerts in California and in this judicial district. Attached as **Exhibit "B"** is a true and correct copy of marketing and promotional materials used by PYRAMID and COHEN to market and promote THE INFRINGING GAP BAND.  This Exhibit also uses Plaintiff's image and likeness without Plaintiff's consent.

27.    Plaintiff is informed and believes, and on that basis alleges, that COHEN is well aware of the fact that THE INFRINGING GAP BAND, and by extension himself as the agent for THE INFRINGING GAP BAND, does not have the authority to use the GAP BAND Marks in connection with the solicitation, booking, promotion and marketing of concerts using the GAP BAND Marks and undertook the acts alleged herein in spite of that knowledge.  Plaintiff is further

informed and believes that PYRAMID approved, sanctioned and ratified all conduct of COHEN as alleged herein.

28.     Defendant LIVING THE DREAM MANAGEMENT, INC. ("LTDM") is an Oklahoma Limited Liability Company with a principle place of business in Norman, Oklahoma.  Plaintiff is informed and believes, and based thereon alleges, that LTDM holds itself out to be the manager of THE INFRINGING GAP BAND and oversees the booking, promotion and marketing of concerts performed by THE INFRINGING GAP BAND, including concerts in California and in this judicial district.  A true and correct copy of LTDM's online listing and promotional materials holding itself (and HARVEY) out as the manager for THE INFRINGING GAP BAND is attached hereto as **Exhibit "C."**

29.     Plaintiff is informed and believes, and on that basis alleges, that Defendant TERRY HARVEY ("HARVEY") is an employee of LTDM and is a talent manager associated with LTDM that oversees LTDM's work with respect to booking, promotion and marketing of concerts being performed by THE INFRINGING GAP BAND including concerts in California and in this judicial district.  Plaintiff is further informed and believes that LTDM approved, sanctioned and ratified all conduct of HARVEY as alleged herein.

30.     Plaintiff is informed and believes, and on that basis alleges, that HARVEY is well aware of the fact that THE INFRINGING GAP BAND, and by extension himself as the purported manager of  THE INFRINGING GAP BAND, does not have the authority to use the GAP BAND Marks in connection with the booking, promotion and marketing of concerts and undertook the acts alleged herein in spite of that knowledge.

31.     Plaintiff is informed and believes, and on that basis alleges, that Defendant WAIKIKI ENTERTAINMENT GROUP, LLC is a Limited Liability Company organized and existing under the laws of Hawaii and doing business as Blue Note Hawaii ("BLUE NOTE").  Plaintiff is informed and believes, and on that

basis alleges, that BLUE NOTE operates a live music venue in Honolulu, Hawaii. Plaintiff is further informed and believes, and on that basis alleges, that BLUE NOTE markets, promotes and sells tickets to its live concerts nationwide, including to residents and consumers located in this judicial district.

32.    Plaintiff is informed and believes, and on that basis alleges, that Defendant YOSHI'S JAPANESE RESTAURANT, INC. ("YOSHI'S") is a corporation organized and existing under the laws of California doing business as a live concert venue located in Oakland, California.  Plaintiff is further informed and believes, and on that basis alleges, that YOSHI'S markets, promotes and sell tickets to its concerts nationwide, and to residents and consumers located in this judicial district.

33.    Plaintiff is informed and believes, and on that basis alleges, that Defendant CRUISINGAGENTS.COM, INC. ("CRUISING") is a corporation organized and existing under the laws of Maryland doing business as a concert and touring company.  Plaintiff is further informed and believes, and on that basis alleges, that CRUISING is operating in this judicial district by offering for sale and selling cruise services and packages to consumers.  Said cruises depart from Long Beach, California.  Plaintiff is informed and believes, and on that basis alleges, that CRUISING markets and promotes its cruise packages nationwide and to residents and consumers located in this judicial district.

34.    Plaintiff is informed and believes and, thereon alleges, that Defendants DOES 1 through 10, inclusive, are other-as-of-yet unidentified parties who have infringed Plaintiff's trademark rights, have contributed to the infringement or have otherwise engaged in the wrongful acts alleged herein.  The true names of Defendants 1 through 10 are presently unknown to Plaintiff, which, therefore, sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this Complaint with their true names and capacities once ascertained.

35.     Plaintiff is informed and believes, and thereon alleges. that at all times relevant hereto, each of Defendants was the agent, employee, alter-ego, affiliate, officer, director, manager, and/or principal of the other Defendants and was at all times relevant hereto acting within the course and scope of such agency relationship, employment, alter-ego relationship or affiliation.  Plaintiff is further informed and believes, and thereon alleges, that each Defendant actively participated in, or subsequently ratified each of the acts and conduct alleged herein with full knowledge of all the facts and circumstances attendant thereto, including the rights of Plaintiff and the damage to be sustained by Plaintiff as a result of the acts and conduct alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

36.     The original GAP BAND was made up three brothers, Plaintiff, Ronnie Wilson and Robert Wilson.

37.     Robert Wilson died on or about August 15, 2010.

38.     On or about June 19, 2015, Ronnie Wilson unilaterally filed an application with the United States Patent and Trademark Office to register the mark THE GAP BAND, Serial No. 86668160. This application ultimately matured into United States Trademark Registration No. 5,098,276.

39.     On or about July 6, 2015, Ronnie Wilson unilaterally filed an application with the United States Patent and Trademark Office to register the mark GAP BAND, Serial No. 86683774. This application ultimately matured into United States Trademark Registration No. 5,445,756.  THE GAP BAND mark identified in Registration No. 5,098,276, and the GAP BAND mark identified in Registration No. 5,445,756, together with all common law existing therein, shall collectively be referred to as the GAP BAND Marks.

40.     Thereafter, a dispute arose between Plaintiff and Ronnie Wilson as to the use and ownership of the GAP BAND Marks and U.S. Trademark Registration Nos. 5,098,276 and 5,445,756.

41.     On or about November 20, 2015, Ronnie Wilson commenced an action in the United States District Court for the Western District of Texas related to the ownership and right to use the GAP BAND Marks.  That action, captioned as *Ronnie Wilson, dba The Gap Band v. Charles Kent Wilson, et. al.*, was subsequently transferred to the United States District Court for the Central District of California, and assigned Case No. 2:16-cv-03445-SVW-ASx (the "PRIOR LITIGATION").

42.     The parties to the PRIOR LITIGATION settled that case on or about February 1, 2017 pursuant to a written settlement agreement (the "AGREEMENT").

43.     In addition to calling for the dismissal with prejudice of the PRIOR LITIGATION, the AGREEMENT included the following material terms:

(a)



;

(b)

;

(c)

(d)

;

(e)     All questions with respect to the construction of the AGREEMENT and the rights and liabilities of the parties thereto, would be governed by California

law, and that any complaint or lawsuit seeking adjudication or redress of same shall be brought in a court of competent jurisdiction in Los Angeles, California;

44.    While the AGREEMENT resulted ███████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████

45.    In relevant part, the AGREEMENT provides:

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

46.    Ronnie Wilson agreed and accepted ██████████████

███████████████████████████████████.

47.    Plaintiff is informed and believes, and on that basis alleges, that Ronnie Wilson died on November 2, 2021.

48.    Plaintiff is informed and believes, and on that basis alleges, that as the surviving spouse and sons of Ronnie Wilson, Defendants LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON are Ronnie Wilson's heirs.

49.    Plaintiff is informed and believes, and based therein alleges, that neither LINDA WILSON, BRIAN WILSON, ANDRE WILSON nor CASEY WILSON have any rights in or to the GAP BAND Marks other than any rights afforded to them by the AGREEMENT.

50.    As Ronnie Wilson's heirs, the rights of LINDA WILSON, BRIAN WILSON, ANDRE WILSON or CASEY WILSON in and to the GAP BAND

Marks, or U.S. Trademark Registration Nos. 5,098,276 and 5,445,756, are necessarily limited to the rights Ronnie Wilson had therein at the time of his death.

## **DEFENDANTS' INFRINGING CONDUCT**

51.   Plaintiff has learned that THE INFRINGING GAP BAND is holding itself out as the original GAP BAND and is booking concerts at United States concert venues and engaging related marketing and promotional activities.

52.   THE INFRINGING GAP BAND was using a mark (The GAP BAND) that is identical to Plaintiff's GAP BAND Marks in connection with concert performances and the marketing, promotion and ticket sales associated with the concert performances.

## BLUE NOTE CONCERTS

53.   THE INFRINGING GAP BAND has scheduled four concerts which are to occur on March 13 and March 14, 2025 at Blue Note Hawaii, a concert venue located in Hawaii that is owned and operated by BLUE NOTE.

54.   Below is an image of the promotional materials used by BLUE NOTE to promote its concerts which demonstrate the unauthorized use of the GAP BAND Marks:



55.   BLUE NOTE is using its website (www.bluenotejazz.com) to not only sell tickets to the concert, but to market and promote the concert by using a video

featuring Plaintiff's image, likeness, voice and persona.  A screenshot reflecting BLUE NOTE's misappropriation is attached hereto as **Exhibit "D."**

56.    In other media outlets, including HONOLULU MAGAZINE (www.honolulumagazine.com), BLUE NOTE is promoting its concerts with images of Plaintiff and misleading descriptions of who will be performing at the BLUE NOTE concerts. In one marketing piece, BLUE NOTE impliedly (if not expressly) represents that the group performing at the BLUE NOTE concerts is the original GAP BAND and that Plaintiff will be performing with them:

> "Charlie [WILSON] has been one of most sought-after vocalists in the music industry. He has worked with Quincy Jones, Ray Charles, Eurythmics, Snoop Dogg, and scores of others. The Gap Band has recorded for various labels, including Mercury and Capitol Records. The group has remained together, enduring the good with the bad. They are still actively recording and touring the U.S. and abroad." See **Exhibit "E,"** hereto.

## YOSHI'S OAKLAND CONCERTS

57.    Another set of concerts is set to occur at YOSHI'S OAKLAND, a concert venue located in Oakland, California that is owned and operated by YOSHI'S.  These concerts are scheduled for March 16, 2025. Below is an image of the promotional materials for the YOSHI'S concerts which demonstrates the unauthorized use by YOSHI's of the GAP BAND Marks:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16   58.   In connection with the promotion and marketing of these concerts,

17   YOSHI'S makes numerous representations that either expressly or impliedly

18   represent to consumers that it is the original GAP BAND that will be performing.

19   59.   The marketing materials include the following quotations:

20   (a)   "the legendary GAP BAND makes their unforgettable debut at Yoshi's

21   Oakland," where they will "celebrat[e] a dazzling 50 years of funk &

22   soul."

23   (b)   The concert is described as "a high-energy experience filled with

24   incredible musicianship and showmanship for which The GAP BAND

25   is famous."

26   (c)   "Don't miss your chance to be part of this monumental celebration of

27   over 50 Golden Years of Funk & Soul with the legendary Gap Band."

28

(d)     That the performers are "Still performing ALL the hits, including: You
Dropped a Bomb on Me, […]" See **Exhibit "F,"** hereto.

60.     The foregoing representations are deceptive are likely to deceive and
confuse consumers.

<u>OLD SCHOOL CRUISE CONCERT</u>

61.     THE INFRINGING GAP BAND is also scheduled to participate in
"The Old School Cruise 2026" event, a three-day concert cruise scheduled for April
25-28, 2026 that is organized and offered by CRUISING. A promotional image for
"The Old School Cruise 2026" distributed by CRUISING and shown on its website
is depicted below:



62.     CRUISING is also prominently featuring THE INFRINGING GAP
BAND and the infringing GAP BAND Marks in social media postings:

63.    In addition to infringing upon the GAP BAND Marks, CRUISING is using the image, voice and likeness of Plaintiff and the song recordings of the original GAP BAND to promote its concert, to associate itself with the original GAP BAND and to deceive consumers into believing that the original GAP BAND and Plaintiff are performing at this concert.

64.    CRUISING is using Plaintiff's voice in connection with advertisements for the aforementioned concert in radio ads, which Plaintiff first discovered on February 17, 2025 being played on Los Angeles radio station 104.7

FM.  These same advertisements referred to THE INFRINGING GAP BAND as the "Iconic GAP BAND," furthering consumer confusion as to whether the original GAP BAND would be performing at the CRUISING concert.

65.  On the "Old School Cruise 2026" website (https://theoldschoolcruise.com/), there is a link to the original GAP BAND's song recordings, leading consumers to believe that it is the original GAP BAND that will be performing when that is not the case:



Image of THE INFRINGING GAP BAND

The original GAP BAND's song recordings

66.  In addition, the "Old School Cruise 2026" website includes a link to a Spotify page which includes an image of THE INFRINGING GAP BAND together with the original GAP BAND records and images of the original GAP BAND album covers (featuring Plaintiff):



Image of THE INFRINGING GAP BAND

Original GAP BAND song recordings
and album covers:



67.    The use the GAP BAND Marks, together with the song recordings and album covers of the original GAP BAND serve to deceive and confuse consumers into believing THE INFRINGING GAP BAND is associated, affiliated or approved by the original GAP BAND, or that Plaintiff is associated with and will be performing with THE INFRINGING GAP BAND.

68.    Plaintiff is informed and believes, and on that basis alleges, that the BLUE NOTE, YOSHI'S and CRUISING concerts were booked by PYRAMID, MICHAELS and COHEN as the agents for THE INFRINGING GAP BAND and with LTDM and HARVEY serving as manager.

69.    Plaintiff is informed and believes, and on that basis alleges, that HARVEY and LTDM, as managers of THE INFRINGING GAP BAND, and PYRAMID, MICHAELS and COHEN, as agents for THE INFRINGING GAP BAND, created and/or approved the marketing and promotional materials associated with the BLUE NOTE, YOSHI'S and CRUISING concerts.

70.    Plaintiff did not authorize the Defendants, THE INFRINGING GAP BAND, or any members of that group, to perform using the GAP BAND Marks, or to otherwise use the GAP BAND Marks.

71.    Similarly, Plaintiff did not authorize the Defendants, THE INFRINGING GAP BAND, or any members of that group, to use his image, likeness, voice or persona for any purpose.

72.    LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON, as the heirs of Ronnie Wilson have improperly attempted to license the right to use the GAP BAND Marks to THE INFRINGING GAP BAND, and the other Defendants named herein, despite the fact that they have no authority or rights to do so.  See **Exhibit "B."**

73.    Plaintiff first learned that it was LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON that was responsible for the infringing

concerts identified herein on January 27, 2025, when LINDA WILSON's attorney confirmed the same with Plaintiff's counsel.

74.    Neither LINDA WILSON, BRIAN WILSON, ANDRE WILSON nor CASEY WILSON have the right to license the GAP BAND Marks to THE INFRINGING GAP BAND, the Defendants or to any other third party, due to the restrictions of use set out in the AGREEMENT that are binding on them.

75.    Because the attempted licensing of the GAP BAND Marks by LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON to THE INFRINGING GAP BAND and Defendants is inconsistent with the rights provided to Ronnie Wilson pursuant to the AGREEMENT (which rights then flowed to Ronnie Wilson's heirs), such conduct constitutes the infringement of Plaintiff's rights in the GAP BAND Marks.

76.    A dispute exists between Plaintiff and the Defendants about whether the AGREEMENT granted to Ronnie Wilson, and then to Ronnie Wilson's heirs, the rights to use The GAP BAND Marks in any manner other than as set forth in the AGREEMENT.

## <u>COUNT I</u>
## DECLARATORY RELIEF
### (Against all Defendants)

77.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 76 as if fully set forth herein

78.    An actual and justiciable controversy has arisen and now exists between Plaintiff and LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON as to what rights these defendants have in and to the GAP BAND Marks and whether whatever rights they have in the GAP BAND Marks (if any) entitles them to license the GAP BAND Marks to third parties (including THE INFRINGING GAP BAND and Defendants) for the purposes of musical concerts and performances, and the marketing and promotion of same.

79.   The actual and justiciable controversy extends to the remaining Defendants insofar as they have used, and continue to use, infringing copies of the GAP BAND Marks under the alleged authorization of LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON.

80.   In light of the conduct alleged herein, and the apparent belief by LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON that they have the rights to license and use the GAP BAND Marks for the purposes of musical concerts and performances (and related activities), the dispute between Plaintiff and Defendants is definite, immediate and substantial.

81.   Defendants actions as alleged herein have caused uncertainty regarding the trademark rights of Plaintiff and Defendants and whether Defendants' use of the GAP BAND Marks is authorized and in accordance with the AGREEMENT.

82.   By this Complaint, Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Defendants have no rights in the GAP BAND Marks and no right to license the GAP BAND Marks to third parties (and Defendants).

83.   Plaintiff is entitled to a declaratory judgment of its rights under 28 U.S.C. § 2201 in order to resolve the dispute existing between the parties and afford relief from the uncertainty and harm that Defendants' actions have caused.

## COUNT II

## BREACH OF CONTRACT

### (Against Defendants LINDA WILSON, BRIAN WILSON, ANDRE WILSON, and CASEY WILSON)

84.   Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 83 as if fully set forth herein

85.   The AGREEMENT imposes on ████████████████████████ ████████████████████████████████.

86. ███████████████████████████████████████████

██████████████████████████████████████████ pursuant to the terms

of the AGREEMENT.

87.    Defendants LINDA WILSON, BRIAN WILSON, ANDRE WILSON

and CASEY WILSON have breached the AGREEMENT by ████████████

██████████████████████████████████████.

88.    Plaintiff has performed all of his obligations under the AGREEMENT

with respect to ███████████████████████████████, except

for any obligations excused by Defendants breach.

89.    Defendants LINDA WILSON, BRIAN WILSON, ANDRE WILSON

and CASEY WILSON have breached the AGREEMENT █████████

███████████████████████████████████████████

██████

90.    As a result of Defendants LINDA WILSON, BRIAN WILSON,

ANDRE WILSON and CASEY WILSON ██████████████████

███████████████████████████████████████████

████████████████

91.    Plaintiff seeks an award of no less than $50,000 against Defendants

LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON

██████████████████████████████████████████.

92.    Plaintiff also seeks a declaration from the Court that Defendants

LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON

are ██████████████████████████████████████████

███████████████████████████.

///

## COUNT III

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

### (LANHAM ACT § 1125, ET SEQ.)

### (Against all Defendants)

93.  Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 92 as if fully set forth herein

94.  Plaintiff is the owner of rights in and to the GAP BAND Marks, including but not limited to U.S. Trademark Registration No. No. 5,445,756.

95.  Plaintiff's use of the GAP BAND Marks has been continuous since his first usage and has pre-dated the use by each of the Defendants. Plaintiff's use of the GAP BAND Marks has been nationwide.

96.   Plaintiff is informed and believes, and on that basis alleges, that at all times relevant hereto Defendants were aware of Plaintiff and Plaintiff's rights in and to the GAP BAND Marks.

97.  Plaintiff is informed and believes, and on that basis alleges, that at all times relevant hereto Defendants were aware of the fact that ███████████ ████████████████████████████████████████████ pursuant to the terms of the AGREEMENT.

98.  Despite being aware of the foregoing, the Defendants each infringed Plaintiff's rights in the GAP BAND Marks by using them in a manner inconsistent with their respective rights therein without authorization or consent.

99.  Defendants used the infringing Gap Band Mark in connection with musical shows and concerts, and the promotion and marketing related thereto.

100.  Defendants' infringing Gap Band Marks are identical to Plaintiff's GAP BAND Marks.

101.  Defendants' unauthorized use of a mark that is identical to Plaintiff's GAP BAND Marks is and continues to be willful, intentional and intended to trade off of the goodwill, reputation and fame of Plaintiff and the original GAP BAND.

102.   Defendants' continued use of a mark that is identical to Plaintiff's GAP BAND Marks has caused consumer confusion and is likely to continue causing consumer confusion in the marketplace, cause mistake, or deceive consumers into believing that a relationship exists between Plaintiff and Defendants or that Plaintiff authorizes, approves or sponsors Defendants' services (or will be participating therein).

103.   Plaintiff is informed and believes, and based thereon alleges, that unless restrained, Defendants will continue the acts complained of herein, all to Plaintiff's irreparable damage. It will be extremely difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief therefor, and unless Defendants are preliminarily and permanently enjoined from using marks that are identical to Plaintiff's GAP BAND Marks, or any mark that is confusingly similar thereto, Plaintiff will be irreparably damaged.

## COUNT IV

## TRADEMARK DILUTION

### (Against all Defendants)

104.   Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 103 as if fully set forth herein

105.   Plaintiff is the owner of the GAP BAND Marks, including common law rights therein.

106.   The GAP BAND Marks are famous and distinctive throughout the United States and the world as a result of their use in the advertising and marketing, and in connection with the original GAP BAND's music and live performances, sales, press articles, musical recordings, events and other public appearances.

107.   The GAP BAND Marks are famous within the meaning of the Lanham Act, 15 U.S.C. § 1125(c).

108.   Defendants began making commercial use of a mark identical to the GAP BAND Marks in interstate commerce for financial gain.

109.    Defendants' use of a mark identical to the GAP BAND Marks began long after the mark became famous and after Defendants ceased having any rights in the mark (to the extent they ever had rights in the GAP BAND Marks).

110.    Defendants' use of marks identical to the GAP BAND Marks for musical performances presents a likelihood of dilution to the extensive value of the GAP BAND Marks.

111.    Defendants' acts of dilution are in violation of the Lanham Act, 15 U.S.C. § 1125(c).

112.    Plaintiff did not, and does not, authorize Defendants' use of a mark identical to the GAP BAND Marks in any manner.

113.    As a result of Defendants' acts of dilution, Plaintiff has sustained substantial damages in an amount to be proven at trial. Moreover, Defendants' acts of dilution have caused Plaintiff to sustain injures for which there is no adequate monetary remedy.  As a result, Plaintiff is entitled to injunctive relief to enjoin Defendants' continued acts of dilution.

## COUNT V

### PASSING OFF

### (Against all Defendants)

114.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 113 as if fully set forth herein

115.    By marketing, distributing, and exploiting THE INFRINGING GAP BAND as the real GAP BAND in interstate commerce, Defendants are passing off its services (and musical performances) to the public as if they are the famous musical group THE GAP BAND.

116.    As a result of Defendants' conduct, members of the public have been deceived, and will continue to be deceived, into believing that when they attend a concert performed by THE INFRINGING GAP BAND they are actually going to a

concert featuring the real GAP BAND and Plaintiff, or that the concert is endorsed, licensed or authorized by the original GAP BAND or Plaintiff.

117.   Plaintiff has been injured by Defendants conduct insofar as Defendants' conduct will negatively impact Plaintiff's ability to distribute, market or otherwise exploit his products and services and subjects him to consumer confusion.

118.   Defendants' conduct violates the Lanham Act, 15 U.S.C. § 1125.

119.   As a result of Defendants' acts of passing off, Plaintiff has sustained substantial damages in an amount to be proven at trial. Moreover, Defendants' acts of passing off have caused Plaintiff to sustain injuries for which there is not adequate monetary remedy.  As a result, Plaintiff is entitled to injunctive relief to enjoin Defendants' continued acts of passing off.

120.   The GAP BAND Marks are famous and distinctive throughout the United States and the world as a result of its use in the advertising and marketing, and in connection with THE GAP BAND's music and live performances, sales, press articles, musical recordings, events and other public appearances.

121.   The GAP BAND Marks are famous marks within the meaning of the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT VI

## FALSE ADVERTISING

### (Against all Defendants)

122.   Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 121 as if fully set forth herein

123.   Defendants unauthorized use of the GAP BAND Marks, together with Defendants' advertising and marketing activity related thereto, constitutes false advertising in violation of 15 U.S.C. § 1125(a).

124.   Defendants' direct and indirect false and misleading statements concerning their affiliation with the original GAP BAND and Plaintiff are

significant and material and likely to lead to confusion among consumers as to the approval, association endorsement or participation of the original GAP BAND and Plaintiff in the concerts of THE INFRINGING GAP BAND.

125.    Plaintiff is informed and believes, and based thereon alleges, that the use by the Defendants of the GAP BAND Marks and Plaintiff's name, image, voice, likeness and persona, are likely to influence, and did influence, consumers with regard to whether to purchase tickets to Defendants' concerts.

126.    Defendants' misrepresentations violated, and continue to violate, applicable provisions of the Lanham Act insofar as the misrepresentations deceived, and had the tendency to deceive, the consuming public.

127.    Plaintiff is informed and believes, and on that basis alleges, that Defendants either directly placed, approved, contributed to or acquiesced in the placement of the deceiving advertisements and marketing materials.

128.    Plaintiff is informed and believes, and on that basis alleges, that Defendants committed the acts herein alleged, they intended to deceive consumers as to the approval, association, endorsement or participation of the original GAP BAND and/or Plaintiff in the marketed concerts.

129.    Insofar as Defendants actions were undertaken being fully aware of the rights of Plaintiff in and to the GAP BAND Marks and Plaintiff's name, image, voice, likeness and persona, Defendants' actions were willful, wanton, reckless and undertaken in bad faith and with the intent to deceive.

130.    As a direct and proximate result of Defendants' false and misleading advertisements and promotions, Plaintiff has suffered, and will continue to suffer until Defendants are enjoined.

///

## COUNT VII

### MISAPPROPRIATION OF LIKENESS (California Civil Code § 3344)

### (Against all Defendants)

131.  Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 130 as if fully set forth herein

132.  Defendants are knowingly and intentionally using Plaintiff's name, image, voice, likeness and persona for the purpose of advertising or selling goods and services.

133.  Defendants did not have Plaintiff's prior consent to use his name, image, voice, likeness or persona for the purpose of advertising or selling goods and services.

134.  Plaintiff's name, image, voice, likeness or persona were readily identifiable by consumers in the images and other media used by Defendants for the purposes of advertising or selling goods and services.

135.  Plaintiff has suffered damages due to Defendants' misappropriation in an amount to be proven at trial.  In the alternative to an award of actual damages, Plaintiff is entitled to a statutory award pursuant to California Civil Code § 3344.

136.  In addition to an award of actual damages, or a statutory award, Plaintiff is entitled to recover all profits stemming from the unauthorized use of his name, image and likeness, punitive damages and his attorney's fees and costs.

## COUNT VIII

### UNFAIR COMPETITION

### (CALIFORNIA BUS. & PROF. CODE § 17200 AND THE COMMON LAW)

### (Against all Defendants)

137.  Plaintiff hereby incorporates Paragraphs 1 through 136, inclusive, herein by reference.

138.   California Business and Professions Code § 17200, et seq., states that unfair competition shall mean and include any "unlawful, unfair or fraudulent business act or practice."

139.   Defendants' actions as alleged herein constitute unlawful business acts and/or practices under Cal. Bus. Prof. Code § 17200, and the common law.

140.   Plaintiff is informed and believes, and based thereon alleges, that the conduct of the Defendants, including the adoption and use of a name identical to Plaintiff's GAP BAND Marks, was intentional and intended to trade off the Plaintiff's goodwill and reputation by deceiving and misleading consumers into believing either that Defendants are associated, sponsored or endorsed by the Plaintiff or the original GAP BAND, or that Plaintiff will be appearing at THE INFRINGING GAP BAND'S  concerts.

141.   Defendants' acts of adopting and using a name that is identical to Plaintiff's GAP BAND Marks constitutes as an act of unfair competition under California common law.

142.   Defendants' conduct constitutes an unlawful and unfair business acts and/or practices because their use of a mark that is identical to Plaintiff's GAP BAND Marks has infringed upon Plaintiff's rights while engaging in a business practice.

143.   Defendants' conduct constitutes fraudulent business acts and practices because Defendants have deceptively and unfairly marketed and advertised services under a mark identical to, and therefore confusingly similar to, Plaintiff's GAP BAND Marks and has further used Plaintiff's name, image, voice, likeness and persona in marketing and promotional materials without consent.

144.   As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his business reputation and goodwill. Defendants will continue, unless retrained, to use marks which are identical to Plaintiff's GAP BAND Marks and to deceptively and

unfairly market, advertise, and promote its services. This will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, and their respective officers, agents, and employees, and all persons acting in concert with it, from engaging in further acts of unfair competition.

## COUNT IX

### DECLARATORY RELIEF (U.S.C. § 1119)

**(Against Defendants LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON)**

145.   Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 144 as if fully set forth herein

146.   An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendants LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON as to the rights afforded to these defendants pursuant to U.S. Trademark Registration No. 5,445,756, and specifically, whether the aforementioned trademark registration affords the Defendants unfettered and unlimited authority to use the GAP BAND Marks, or whether the rights afforded by U.S. Trademark Registration No. No. 5,445,756 are limited to the rights set out in the AGREEMENT.

147.   The only usage rights afforded ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

148.   Given the death of Ronnie Wilson on or about November 2, 2021, the ████████████████████████████████████████████████████████ .

149.    U.S. Trademark Registration No. No. 5,445,756 still lists Ronnie Wilson as an owner thereof even though Mr. Wilson's death extinguished all rights of his in the GAP BAND Marks.

150.    Both prior to Ronnie Wilson's death, and at all times since then, the only party involved in monitoring or enforcing the rights in The GAP BAND Marks has been Plaintiff.

151.    Despite no longer having rights to the GAP BAND Marks, Defendants LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON have used, and continue to use, infringing copies of the GAP BAND Marks and attempt to license rights in the mark to third parties.

152.    In light of the conduct alleged herein, and Defendants LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON's apparent belief that they have the right to license and use the GAP BAND Marks for the purposes of musical concerts and performances (and related activities), the dispute between Plaintiff and Defendants LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON is definite, immediate and substantial.

153.    The actions of Defendants LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON have caused uncertainty regarding the trademark rights of Plaintiff and Defendants and whether Defendants' use of the GAP BAND Marks is authorized.

154.    By this Complaint, Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that all of Ronnie Wilson's rights under the AGREEMENT have expired, and that Defendants LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON do not have the unfettered right to use or license the GAP BAND Marks.

155.    Given the expiration of Ronnie Wilson's rights to the GAP BAND Marks, Plaintiff seeks an order from this Court pursuant to 15 U.S.C. § 1119 to

rectify the trademark register of the United States Trademark Office and remove Ronnie Wilson as an owner of U.S. Trademark Registration No. 5,445,756.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against the Defendants as follows:

1.      For a judgment finding that Defendants have infringed upon Plaintiff's rights in the GAP BAND Marks under the Lanham Act and the common law, and for an award of damages thereon in favor of Plaintiff;

2.      For a judgment finding that Defendants have committed acts of dilution, passing off, false advertising and unfair competition under the Lanham Act, and for an award of damages thereon in favor of Plaintiff;

3.      For a judgment finding that Defendants have misappropriated the name, image, voice, likeness and persona of Plaintiff Charles K. Wilson, and for an award of damages thereon in favor of Plaintiff, including actual damages, a statutory award, all revenue of Defendants resulting therefrom, punitive damages and attorney's fees and costs;

4.      For a judgment finding that Defendants LINDA WILSON, BRIAN WILSON, ANDRE WILSON and CASEY WILSON have breached the contractual obligations owed to Plaintiff under the AGREEMENT, and for an award of damages in favor of Plaintiff in an amount to be determined at trial;

5.      For a judgment finding that Defendants violated Cal. Bus. & Prof. Code § 17200 by engaging in unlawful, unfair, and fraudulent business practices, and for the issuance of a permanent injunction thereon;

6.      For a judicial declaration that Defendants have no rights in and to the GAP BAND Marks;

7.      For an order pursuant to 15 U.S.C. § 1119 directing the United States Patent and Trademark Office to rectify the trademark register of the United States

Patent and Trademark Office and to remove Ronnie Wilson as an owner of U.S. Trademark Registration No. 5,445,756;

       8.     Ordering that Defendants and their subsidiaries, officers, agents, directors, servants, employees, partners, representatives, licensees, related companied, assigns, and attorneys, and all persons in active concert or participation with Defendants, or any of them, be enjoined, from:

       (a)    Using in connection with the provision of goods or services any mark which is identical to Plaintiff's GAP BAND Marks, or any other mark, name, symbol, or logo that is a reproduction, counterfeit, copy, or colorable imitation of, incorporates or is confusingly similar to, or is substantially indistinguishable from the GAP BAND Marks;

       (b)    Using in connection with the provision of good or services any mark which is identical to Plaintiff's GAP BAND Marks, or any other mark, name, symbol, or logo that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants' business or services are sponsored or endorsed by Plaintiff, is authorized by Plaintiff, or is connected in some way with Plaintiff or Plaintiff's the GAP BAND Marks;

       (c)    Falsely implying Plaintiff's endorsement of, sponsorship of, affiliation with, or participation in, Defendants' services or business, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Plaintiff and from otherwise interfering with, or injuring, the Plaintiff's GAP BAND Marks, or the goodwill associated therewith;

       (d)    Engaging in any act that or injures or is likely to injure Plaintiff's reputation;

       (e)    Representing or implying that Defendants are in any way sponsored by, affiliated with, or endorsed or licensed by Plaintiff;

       (f)    Knowingly assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred

to in paragraphs 8(a) to 2(e) above.

9.      Ordering that Defendants be required to deliver to Plaintiff for destruction all advertisements, promotional and marketing materials, and the like that contain or feature the mark used by Defendants which are identical to Plaintiff's GAP BAND Marks, or any other trademarks, names or logos, that are a counterfeit, copy, or colorable imitation of, confusingly similar to, or substantially indistinguishable from the GAP BAND Marks, as permitted under the Lanham Act, 15 U.S.C. § 1118;

10.     Granting an award of damages to Plaintiff, as a result of Defendants' infringement of the GAP BAND Marks, as permitted under the Lanham Act, 15 U.S.C. §§ 1114; 1116; 1117(a); 1117(b); 1117(c); 1125 *et seq.*, and according to proof at the time of trial.

11.     Granting an award of punitive damages for the willful and wanton nature of Defendants' infringement of the GAP BAND Marks.

12.     For a finding that this case is exceptional pursuant to 15 U.S.C. § 1117, thereby entitling Plaintiff to an award of reasonable attorneys' fees.

13.     For an award of Plaintiff's costs;

14.     Granting an award of pre-judgment interest.

15.     Granting such other and further relief as is just and proper.

Dated:  February 20, 2025          BUCHALTER
                                   A Professional Corporation


                                   By:   _____/s/ Matthew L. Seror_____
                                         MATTHEW L. SEROR
                                         STEPHEN J. STRAUSS
                                         AARON LEVINE
                                         Attorneys for Plaintiff
                                         CHARLES K. WILSON

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues in the Complaint that are triable by jury.

Dated:  February 20, 2025

BUCHALTER
A Professional Corporation

By: _____/s/ Matthew L. Seror_____
MATTHEW L. SEROR
STEPHEN J. STRAUSS
AARON LEVINE
Attorneys for Plaintiff
CHARLES K. WILSON